**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**GORGONIO SOLANO, et al.,**

                                    **Plaintiffs,**

            **-against-**                                    **1:19-CV-03264 (SN)**

                                                            **OPINION & ORDER**

**ANDIAMO CAFÉ CORP., et al.,**

                                    **Defendants.**

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Nov. 17, 2020
```

**SARAH NETBURN, United States Magistrate Judge**

        Plaintiffs are a group of service employees who worked for the defendants at Andiamo

Café in Manhattan at different intervals between September 2014 and April 2019. Plaintiffs

allege that the Defendants' compensation practices violated the Fair Labor Standards Act, 29

U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law § 650, et seq. ("NYLL"). Plaintiffs

moved for summary judgment, which the defendants do not oppose. The motion is GRANTED.

## BACKGROUND

**I.       Procedural Background**

        Plaintiffs Anai Balbuena, Lorenzo Policao Ortega, and Gorgonio Solano brought this

action against Defendants Andiamo Café Corp., Julio Vivar, and Lucio Vivar on April 11, 2019,

alleging: (i) failure to pay overtime premium pay, in violation of the FSLA and the NYLL; (ii)

failure to pay the statutory minimum wage, in violation of the NYLL; (iii) failure to pay "spread

of hours" premium, in violation of the NYLL; and (iv) failure to provide required wage notices

and statements under the NYLL. Defendants denied the allegations and discovery followed.

On August 12, 2020, Plaintiffs moved for summary judgment as to all claims, and seek compensatory, statutory, and liquidated damages, prejudgment interest, and an award of reasonable attorneys' fees and costs. Defendants do not oppose the motion.

## II.   Factual Background

Because the Defendants do not oppose the motion, Plaintiffs' statement of material undisputed facts ("SMF"), as supported by admissible evidence, is deemed admitted. See Fed. R. Civ. P. 56 (e)(2); Jackson v. Federal Exp., 766 F.3d 189, 194 (2d Cir. 2014).

Andiamo Café Corp. ("Andiamo") is a New York corporation that has operated a café at 1326 Saint Nicholas Avenue in Manhattan since at least May 2014. SMF ¶¶ 1–2. Throughout that time Defendants Julio Vivar and Lucio Vivar were equal owners of the business, and each possessed the power to hire and fire employees, set wages and schedules, and maintain employee records. Id. ¶¶ 6–11. They each exercised those powers with respect to the Plaintiffs. Id. ¶¶ 8–9, 12–13. The café grossed $500,000 in all relevant years, employed 15 employees at a time, and was engaged in interstate commerce. Id. ¶¶ 3–4, 5.

Plaintiff Anai Balbuena worked at Andiamo as a counterperson from May 3, 2018, to April 8, 2019. Id. ¶¶ 18–21. She worked 57 hours per week in 2018, and 51 hours per week in 2019.[1] Id. ¶¶ 56–58. She was paid a cash salary of $460 per week in 2018, and $440 per week in 2019, which did not include overtime premium pay. Id. ¶¶ 60, 62–66, 87.

Plaintiff Lorenzo Policao Ortega worked at Andiamo as a kitchen helper from June 2017 to March 31, 2019. Id. ¶¶ 22–25. He worked 57.5 hours per week for the first six months, 69.5 hours per week for approximately 11 months, and then 57.5 hours per week for the final five months.[2] Id. ¶¶ 70–73. He was paid a cash salary of $460 per week for three months, $490 per

---

[1] These totals exclude 30-minute lunch breaks each day. SMF ¶ 57.
[2] These totals exclude 30-minute lunch breaks on weekdays only. SMF ¶¶ 71–73.

week for three months, $580 per week for 11 months, and $500 per week for the remaining five months. SMF ¶¶ 78–81. His salary did not include overtime premium pay or "spread of hours" pay for days when he worked longer than ten hours. SMF ¶¶ 77, 82–85, 87.

Plaintiff Gorgonio Solano worked at Andiamo in food preparation and as a counterperson from May 2014 to August 2014, then again from December 2014 through April 2019. SMF ¶¶ 14–17. Throughout his employment Solano worked 10–14-hour days, six to seven days per week. SMF ¶¶ 29, 31–35. As such, he regularly worked more than 40 hours per week—indeed, he worked at least 57 hours per week.[3] SMF ¶¶ 30–35. He was paid a cash salary beginning at $400 per week in 2014, and rising as high as $935 per week in 2017 before falling again to $525 per week in 2019. SMF ¶¶ 37, 39–50. His weekly salaries did not include overtime premium pay or "spread of hours" pay for days when he worked longer than ten hours. SMF ¶¶ 39, 51–52, 87.

Defendants did not maintain any records regarding when Plaintiffs were employed, the hours they worked, or the pay they received. SMF ¶¶ 26–28, 36, 55, 59, 69, 74. Moreover, Defendants did not provide any of the Plaintiffs with paystubs for any portion of their pay. SMF ¶¶ 38, 61, 76. None of the Plaintiffs was ever provided with the required notices under the Wage Theft Prevention Act. SMF ¶¶ 88–90. Although Defendants were aware of their various obligations as employers to provide the minimum wage, overtime, and "spread of hours" pay to the Plaintiffs, they rejected requests for overtime pay expressly. SMF ¶ 87, 92–95.

**DISCUSSION**

Plaintiffs move for summary judgment on the following grounds: (i) the individual liability of Defendants Julio Vivar and Lucio Vivar under both the FLSA and the NYLL; (ii) Defendants' liability for minimum wage violations under the NYLL; (iii) Defendants' liability

---

[3] These totals exclude 30-minute lunch breaks each day. SMF ¶¶ 31–35.

for failure to pay overtime premium pay under the FLSA and NYLL; (iv) Defendants' liability

for failure to pay "spread of hours" premiums under the NYLL; (v) Defendant's liability for

violations of the Wage Theft Prevention Act of the NYLL; (vi) Plaintiffs' entitlement to

compensatory, statutory, and liquidated damages on their FLSA and NYLL claims; (vii)

Plaintiffs' entitlement to prejudgment interest on their NYLL claims; and (viii) Plaintiffs'

entitlement to an award of reasonable attorneys' fees and costs. Defendants do not oppose the

motion.

## I.    Summary Judgment Standard of Review

Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that

there is no *genuine* dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a) (emphasis added); see Celotex Corp. v. Catrett, 477 U.S.

317, 322–23 (1986); Holt v. KMI-Continental, Inc., 95 F.3d 123, 128 (2d Cir. 1996). Because the

moving party bears the burden of showing that there is no genuine issue of material fact, the

court "must view the evidence in light most favorable to the party against whom summary

judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. Am.

Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986)).

To successfully oppose a summary judgment motion, the non-moving party must cite to

"particular parts of materials in the record" or demonstrate "that the materials cited [by the

movant do not establish the absence . . . of a genuine dispute" as to a material fact. Fed. R. Civ.

P. 56(c)(1). When presented with an unopposed motion, however, the Court may not find for the

moving party without reviewing the record and determining whether there is sufficient basis for

granting the motion. See Kinlaw v. Walsh, No. 10-cv-07539 (RMB)(JLC), 2012 WL 2548437, at

*1 (S.D.N.Y. June 29, 2012); see also Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) ("[C]ourts, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." (citation and internal quotation marks omitted)).

## II. Defendants' Individual Liability Under the FLSA and the NYLL

The plaintiffs argue that defendants Julio and Lucio Vivar qualified as their "employers" at Andiamo Café, and therefore can be held individually liable under FLSA and NYLL.

Personal liability may be imposed on employers for wage and hour violations under both the FLSA and NYLL. Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003). Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (quoting Falk v. Brennan, 414 U.S. 190, 195 (1973)); see also Ansoumana, 255 F. Supp. 2d at 192 (quoting Reich v. Circle C Invs., Inc., 998 F.2d 324, 329 (5th Cir. 1993) ("[T]he FLSA's definition of employer is sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.")). The Court of Appeals treats the term "employer" for FLSA purposes as a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 141–42 (2d Cir. 2008).

The Court of Appeals has utilized an "economic reality" test to determine whether any particular individual is an employer. See Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999). The four-factor test considers "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. (quoting Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)).

The plaintiffs offered undisputed evidence that they were employed at Andiamo Café. Likewise, it is undisputed that the individual defendants owned the business and exercised the authority to hire and fire, set wages and schedules, and direct the plaintiffs in their work. Although the defendants did not keep any employment records concerning the plaintiffs, they had the power to do so. Thus, the plaintiffs have shown that the defendants qualified as their employers under the RSR Sec. Services test factors. Id. Accordingly, the defendants are personally liable for the plaintiffs claimed violations of the FLSA and the NYLL.

**III.    Plaintiffs Were Covered Employees Under the FLSA and NYLL**

In order to recover minimum and overtime wages under the FLSA, either the plaintiffs must qualify as employees engaged in commerce ("individual coverage"), or their employer must have engaged in commerce during their employment ("enterprise coverage"). See 29 U.S.C. §§ 206, 207. Enterprise coverage applies to employers engaged in commerce who gross at least $500,000 in annual sales. See id. § 203(s)(1)(A)(ii). Courts have interpreted enterprise coverage to apply broadly, noting that "virtually every enterprise in the nation" that meets the annual sales requirement would qualify under the FLSA because they almost certainly use items that moved in interstate commerce. Archie v. Grand Central P'ship, Inc., 997 F.Supp. 504, 530

(S.D.N.Y. 1998) (Sotomayor, J.) (quoting <u>Dunlop v. Industrial Am. Corp.</u>, 516 F.2d 498, 501–02

(5th Cir. 1975) (quotation marks omitted)).

Analysis of wage-and-hour coverage under the NYLL substantively mirrors that under

the FSLA, although the NYLL does not require that the employer's business had a minimum

amount of sales nor a nexus to interstate commerce. <u>See</u> <u>Tackie v. Keff Enterprises LLC</u>, No. 14-

cv-2071 (JPO), 2014 WL 4626229, at *2 n.2 (S.D.N.Y. Sep. 16, 2014) (citing <u>Alvarex v.</u>

<u>Michael Anthony George Const. Corp.</u>, 15 F. Supp. 3d 285, 291 (E.D.N.Y. 2014).

Here, the plaintiffs offered undisputed evidence that they were employed by the

defendants, whose business qualified as an enterprise engaged in commerce because it met the

revenue threshold. <u>See</u> SMF ¶¶ 3–5. Accordingly, the plaintiffs qualify as covered employees

under the FLSA and NYLL for the purposes of analyzing their claims.

**IV.     Plaintiffs' Evidence of Hours Worked**

Both the FLSA and NYLL require employers to maintain records of the employee's work

hours. <u>See</u> 29 U.S.C. § 211(c); NYLL §§ 196–a, 195(4). These requirements cannot be

delegated. <u>See, e.g.</u>, <u>Kuebel v. Black & Decker Inc.</u>, 643 F.3d 352, 363 (2d Cir. 2011). When

employers fail to maintain such records, they bear the burden of proving that their employees

were adequately paid under each law. <u>See</u> <u>Marcelino v. 374 Food, Inc.</u>, No. 16-cv-6287 (KPF),

WL 1517205, at *16 (S.D.N.Y. Mar. 27, 2018) (citing <u>Reich v. S. New England Telecomms.</u>

<u>Corp.</u>, 121 F.3d 58, 66 (2d Cir. 1997)) (noting that courts apply burden-shifting under the

FLSA); <u>Jiao v. Shi Ya Chen</u>, No. 03-cv-165 (DF), 2007 WL 4944767, at *3 (S.D.N.Y. Mar. 30,

2007) (holding that the NYLL applies a more demanding burden-shifting analysis than the

FLSA—thus, if defendants cannot meet their burden under the FLSA, they will necessarily fail

under the NYLL) (citing <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687 (1946)).

Here, all three plaintiffs provided sworn declarations attesting to their regular salary and work hours, thus meeting their burden under the FLSA and the NYLL. See Pl. Memo., Ex. A ("Solano Decl."); Ex. B ("Balbuena Decl."); Ex. C (" Policao Ortega Decl."); Kuebel, 643 F.3d at 362 (noting that it is "well settled among the district courts of this Circuit, and we agree" that plaintiffs may prove their wages and hours at the summary judgment stage by providing "estimates based on [their] own recollection") (collecting cases) (alteration added); Basquez v. Ranieri Cheese Corp., No. 07-cv-464 (ENV) (VVP), 2010 WL 1223606, at *8 (E.D.N.Y. Mar. 26, 2010) (an employee may "rely solely on his own recollections" if "documentation by the employer is inadequate, inaccurate, or absent altogether"). The defendants offered no rebuttal evidence. Accordingly, the Court will use the evidence provided in the plaintiffs' declarations and supporting exhibits for the purpose of evaluating their claims.

## V.    Plaintiffs' Federal and State Wage Law Claims

### A.  Minimum Wage Claims

Plaintiffs Balbuena and Policao Ortega both claim that they were paid less than minimum wage while employed at Andiamo. In 2018, New York City employers with more than ten employees were required to pay their employees a minimum of $13.00 hourly; in 2019, $15.00 hourly. See N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.2(a)(1)(i)(*a*). To calculate a salaried employee's minimum wage, the employee's total weekly earnings are divided "by the lesser of 40 hours or the actual number hours they worked." Id. at § 146-3.5.

Both Balbuena and Policao Ortega showed that they regularly worked more than 40 hours per week throughout the duration of their employment. Balbuena was paid $460 per week in 2018, and $440 per week in 2019. Thus, her regular rate of pay was $460/40, or $11.50 per hour in 2018; and $440/40 hours, or $11.00 per hour in 2019. Policao Ortega showed that from

November 2018 through March 2019, he was paid $500 per week. Thus, his regular rate of pay was $500/40, or $12.50 per hour. Both plaintiffs were paid less than the applicable minimum hourly wages of $13.00 in 2018, and $15.00 in 2019.

Accordingly, based upon the evidence in the plaintiffs' unopposed declarations and accompanying exhibits, the defendants owe the plaintiffs the following amounts in actual minimum wage damages: Balbuena, $4,340; and Policao Ortega, $1,480. See Balbuena Decl.; Policao Ortega Decl.; Pl's Memo Ex. I at 5–6.

### B.  Overtime Claims

The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (150 percent of the employee's regular rate of pay) for hours worked above 40 hours per week. See 29 U.S.C. §§ 206(a), 207(a)(1). Similarly, the NYLL requires a 150 percent premium for overtime work. N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

All three plaintiffs submitted sworn declarations stating that they worked regular schedules exceeding 40 hours per week throughout the duration of their employment, and that their salaries did not contain an overtime component. See Balbuena Decl., Policao Ortega Dec., Solano Dec. Additionally, the plaintiffs submitted detailed charts summarizing the amount of overtime premium pay each was owed based upon the facts provided in their declarations. See Pl. Memo., Ex. I. Again, the defendants offered no rebuttal evidence.

Accordingly, based upon the evidence in the plaintiffs' unopposed declarations and accompanying exhibits, the defendants owe the plaintiffs the following amounts in actual overtime damages: Balbuena, $15,067.50; Policao Ortega, $45,812.44; and Solano, $168,270.75.

### C.  Spread of Hours Claims

In addition to providing for minimum and overtime wages, the NYLL also requires employers to pay their employees a "spread of hours" premium, equivalent to an hour's wage, for each work day exceeding ten hours. See N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4. Plaintiffs Ortega and Solano both provided sworn declarations showing that they regularly worked more than ten-hour days. Policao Ortega worked 12-hour days, six days per week, from December 2017 through October 2018. Solano worked 12-hours days, either six or seven days per week, from July 1, 2014 through June 30, 2018. The defendants did not pay either plaintiff a "spread of hours" premium for those days.

Accordingly, based upon the evidence in the plaintiffs' unopposed declarations and accompanying exhibits, the defendants owe the plaintiffs the following amounts in actual "spread of hours" damages: Policao Ortega, $3,432; and Solano, $11,728. See Policao Ortega Decl.; Solano Decl.; Ex. I at 3, 7.

### D.  Wage Notice Claims

Finally, the Wage Theft Prevention Act of the NYLL requires that employers provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements each time wages are paid. See N.Y. Lab. Law §§ 195(1)(a) & (3). An employer's failure to comply with either section of the law makes them liable for damages for each instance that the violations occurred or continued to occur. See NYLL § 198(1-b) (stating that damages for wage notice violations under § 195(1) accumulate at a rate of $50 per day, but not to exceed $5,000); § 198(1-d) (stating that damages for wage statement violations under § 195(3) accumulate at a rate of $250 per day, but not to exceed $5,000).

Here, plaintiffs provided undisputed evidence that they were not provided with any of the required wage notices or paystubs at any time during their employment. Accordingly, based upon the evidence in the plaintiffs' unopposed declarations and accompanying exhibits, the defendants owe each plaintiff the statutory maximum of $5,000 under both sections of the law, for a total of $10,000. See Balbuena Decl.; Policao Ortega Decl., Solano Decl.

### E.  Liquidated Damages

In addition to unpaid wages, employees may seek liquidated damages under the FLSA and NYLL. Under the FLSA, a plaintiff who is owed minimum or overtime wages may recover an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The court may reduce or deny liquidated damages at its discretion if the employer can show that "the act or omission giving rise to [the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]." 29 U.S.C. § 260. Similarly, under the NYLL, an employee is entitled to liquidated damages equal to the amount of the overtime pay "[u]nless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198(1-a). To establish "good faith" under the FLSA, an employer must show that it took "active steps to ascertain the dictates of the FLSA and then act to comply with them." Barfield v. New York City Health & Hosp. Corp., 537 F.3d 132, 150 (2d Cir. 2008) (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999)). "NYLL's willfulness standard 'does not appreciably differ' from the FLSA's willfulness standard." Kuebel, 643 F.3d at 366 (citing cases).

Until recently, district courts were split on whether a plaintiff could recover liquidated damages under both federal and state law. Compare Paz v. Piedra, No. 09-cv-03977 (LAK)(GWG), 2012 WL 12518495, at *11 (S.D.N.Y. Jan. 12, 2012) (awarding liquidated

damages only under the FLSA regime), with Tackie v. Keff Enters. LLC, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) (holding that liquidated damages can be awarded under the FLSA and NYLL). The Court of Appeals has since clarified, however, that plaintiffs may not recover "duplicative liquidated damages for the same course of conduct" under both the NYLL and the FLSA. Rana v. Islam, 887 F.3d 118, 122–23 (2d Cir. 2018). Accordingly, the Court will award the plaintiffs liquidated damages under the NYLL only.

The defendants did not oppose the motion and did not provide any evidence that their violations were committed in good faith. As such, because all three plaintiffs are entitled to actual overtime damages, they are awarded an equal amount of liquidated damages under the NYLL as follows: Balbuena, $15,067.50; Policao Ortega, $45,812.44; and Solano, $168,270.75. In addition, because plaintiffs Balbuena and Policao Oretga are entitled to actual minimum wage damages, they are awarded an equal amount of liquidated damages under the NYLL as follows: Balbuena, $4,340; and Policao Ortega, $1,480. Finally, because plaintiffs Policao Ortega and Solana are entitled to "spread of hours" wage damages, they are awarded an equal amount of liquated damages under the NYLL as follows: Policao Ortega, $3,432; Solano, $11,728.

### F.  Pre-Judgment Interest

New York law provides that plaintiffs are entitled to pre-judgment interest on unpaid wages, at a rate of nine percent per year. See N.Y. 8 C.P.L.R. § 5004; see also Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999) (finding that pre-judgment interest is appropriate under New York law, even when the plaintiff has been awarded liquidated damages). Accordingly, all three plaintiffs are entitled to pre-judgment with respect to their compensatory damages awards, at a rate of nine percent per year.

Interest may be computed "from a single reasonable intermediate date" when the damages were incurred. N.Y. CPLR § 5001(b). Courts applying CPLR § 5001 have "wide discretion in determining a reasonable date from which to award prejudgment interest," Conway v. Ichan & Co., 16 F.3d 504, 512 (2d Cir. 1994), and interest is calculated using the simple, not a compounded rate, Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015).

Applying a reasonable intermediate date, I select the midpoint of the terms of each Plaintiffs' employment for purposes of calculating prejudgment interest. For Balbuena, interest shall accrue from October 20, 2018 (the midpoint between May 3, 2018, and April 8, 2019); for Policao Ortega interest shall accrue from May 1, 2018 (the midpoint between June 1, 2017, and March 31, 2019); and accounting for his four-month hiatus in 2014, for Solano, interest shall accrue from December 17, 2016 (the midpoint between September 1, 2014, and April 6, 2019).

Under New York law, a plaintiff in a wage-and-hour case "may recover prejudgment interest only on his actual damages . . . under the NYLL, . . . not [his] liquidated damages." Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017) (internal citations omitted). "Prejudgment interest is [also] not available for violations of the wage statement or wage notice provisions." Id. (internal citations omitted).

### G.  Reasonable Attorneys' Fees and Costs

In addition, both the FLSA and NYLL entitle prevailing plaintiffs to reasonable attorneys' fees and costs. See 29 U.S.C. § 216(b); NYLL §§ 198(1-b) & (1-d). Accordingly, the plaintiffs may submit a motion for attorneys' fees and costs, along with supporting documentation, to be reviewed by the Court.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for summary judgment is GRANTED.

Defendants are jointly and severally liable for the following damages:

(1) Plaintiff Anai Balbuena is entitled to $4,340 in actual minimum wage damages and $15,067.50 in actual overtime damages, with prejudgment interest at a rate of nine percent per year beginning to accrue on October 20, 2018, to the date of this order. She is also entitled to $19,407.50 in liquated damages.

(2) Plaintiff Lorenzo Policao Ortega is entitled to $1,480 actual minimum wage damages, $45,812.44 in actual overtime damages, and $3,432 in actual "spread of hours" damages, with prejudgment interest at a rate of nine percent per year beginning to accrue on May 1, 2018, to the date of this order. He is also entitled to $50,724.44 in liquated damages.

(3) Plaintiff Gorgonio Solano is entitled to $168,270.75 in actual overtime wage damages and $11,728 in actual "spread of hours" damages, with prejudgment interest at a rate of nine percent per year beginning to accrue on December 17, 2016, to the date of this order. He is also entitled to $179,998.75 in liquidated damages.

(4) Each plaintiff is entitled to $10,000 in statutory wage-notice damages under the NYLL.

(5) Each plaintiff is entitled to reasonable attorneys' fees and costs, to be determined upon further submissions to the Court.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 28.

Plaintiffs' counsel shall file a motion for attorneys' fees and costs within 30 days of this order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: November 17, 2020
       New York, New York

14