USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __06/01/2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**GORGONIO SOLANO, et al.,**

                                    **Plaintiffs,**

              -against-                                          **1:19-CV-03264 (SN)**

                                                                 **OPINION & ORDER**

**ANDIAMO CAFÉ CORP., et al.,**

                                    **Defendants.**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**

On November 17, 2020, the Court granted Plaintiffs' motion for summary judgment,

finding in their favor on all counts. Subsequently, the Plaintiffs' moved for attorney's fees and

costs, which the Defendants did not oppose. The motion is GRANTED.

## BACKGROUND

Plaintiffs Anai Balbuena, Lorenzo Policao Ortega, and Gorgonio Solano sued Defendants

Andiamo Café Corp., Julio Vivar, and Lucio Vivar, alleging various federal and state wage-and-

hour claims. Defendants denied the allegations and discovery followed. Plaintiffs moved for

summary judgment as to all claims, which the Defendants did not oppose. The Court granted

judgment in Plaintiffs' favor, awarding compensatory, statutory, and liquidated damages, and

prejudgment interest. In addition, the Court instructed Plaintiffs to move for attorneys' fees and

costs, which they did on December 17, 2020. To date, Defendants have not opposed the motion.

Accordingly, the Court deems the motion fully briefed and ready for disposition.

**DISCUSSION**

I.      **Legal Standard**

Under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL"), prevailing Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

See 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Courts determine the "presumptively

reasonable fee" for an attorney's services by looking to "what a reasonable, paying client would

be willing to pay . . . who wishes to pay the least amount necessary to litigate the case

effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d

182, 184 (2d Cir. 2007). The "presumptively reasonable fee" equals the product of a reasonable

hourly rate and a reasonable number of hours engaged in litigating the matter. See Millea v.

Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011). Requested fees must be supported "with

contemporaneous time records establishing for each attorney for whom fees are sought, the date

on which work was performed, the hours expended, and the nature of the work done." Annuity,

Welfare & Apprenticeship Skill Imp. & Safety Funds of Int'l Union of Operating Eng'rs, Local

15, 15A, 15C, 15D, AFL-CIO v. Integrated Structures Corp., No. 12-cv-00436 (LGS) (KNF),

2013 WL 2649644, at *7 (S.D.N.Y. June 13, 2013), adopted, 2013 WL 3684933 (July 12, 2013)

(quoting NY State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir.

1983) (cleaned up)).

II.     **Application**

   A.  **Reasonable Rates**

In determining the reasonable fee for a particular case, courts rely on reasonable hourly

rates prevailing in the district for similar services provided by attorneys with comparable skill

and experience. See id. (citing Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)); Sub-Zero, Inc.

v. Sub Zero NY Refrigeration & Appliances Servs., Inc., 13-cv-02548 (KMW) (JLC), 2014 WL 1303434, at *8 (S.D.N.Y. Apr. 1, 2014). "It is the fee movant's burden to establish the prevailing market rate." Sub-Zero, Inc., 2014 WL 1303434, at *8.

Plaintiffs request $11,910 in attorney fees for 13.1 hours of attorney David Stein's time and 21.1 hours of attorney David Nieporent's time. See ECF No. 38 at 6. Mr. Stein's proposed rate is $425 hourly. He is a founding partner at Samuel & Stein, a New York based law firm specializing in wage-and-hour litigation. See ECF No. 38 ¶ 13. He has practiced continuously for over 30 years, practicing in New York since 2000. Id. He has litigated wage-and-hour claims almost exclusively for more than 10 years, including several class-action cases with multimillion dollar recoveries. See id.; see, e.g., Kim, et al. v. Nevada Diner, Inc., et al., 14-cv-01484 (RLM), ECF No. 123 (E.D.N.Y. Dec. 30, 2015) (approving FLSA settlement for $3,200,000).

As far back as fifteen years ago, courts in this district held that $425 is reasonable for an attorney with less experience than Mr. Stein. See, e.g., Ashkinazi v. Sapir, No. 02-cv-2005, 2005 WL 1123732, at *3 (S.D.N.Y. May 10, 2005) (awarding $425 per hour to a partner in a small firm specializing in employment law, with 26 years of experience). Mr. Stein was awarded a slightly lower hourly rate of $400 approximately five years ago. See Severino v. 436 West, LLC, et al., No. 13-cv-03096 (VSB), ECF No. 80 (S.D.N.Y. Oct. 28, 2016). Accordingly, the Court finds Mr. Stein's requested rate to be reasonable.

Mr. Nieporent's proposed rate is $325 per hour. He is a senior associate at Samuel & Stein, has practiced continuously for 20 years, and practiced in New York since 2011. See ECF No. 38 ¶ 15. He has focused on wage-and-hour claims for over ten years and second-chaired several such cases in federal court. Id.

An appropriate associate rate depends upon their level of experience. Thor 725 8th Avenue LLC v. Goonetilleke, No. 14-cv-04968 (PAE), 2015 WL 8784211, at *11 (S.D.N.Y. Dec. 15, 2015). More than five years ago, when considering fee applications for smaller firms, courts typically awarded $300 per hour for "senior associates with at least eight years of experience." Id. (quoting Apolinario v. Luis Angie Deli Grocery Inc., No. 14-cv-02328 (GHW), 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015)). Furthermore, a court in this district awarded Mr. Nieporent his requested rate nearly five years ago. See Severino v. 436 West, LLC, et al., No. 13-cv-03096 (VSB), ECF No. 80 (S.D.N.Y. Oct. 28, 2016). Accordingly, the Court finds Mr. Nieporent's rate to be reasonable as well.

## B. Reasonable Hours

"[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148. The Court's should make "a conscientious and detailed inquiry" to ensure that the "number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). In doing so, "court[s] should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Courts may make specific reductions or across-the-board reductions where billing entries are voluminous. See In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Here, Mr. Stein billed 13.1 hours at an hourly rate of $425, for a total of $5,567.50. For "work of a basic character," he reduced his hourly rate to $125, bringing his total claimed fees to

4

$5,052.50. <u>See</u> ECF No. 38 ¶ 11. Mr. Nieporent billed 21.1 hours at $325/hour, for a total of $6,857.50. Both attorneys billed travel time at half their general rate, and Mr. Neiporent did not bill time for internal strategy conferences. <u>Id.</u> at ¶ 19.

Upon review, the Court finds that counsel's submitted records show that the tasks were necessary to prosecute this action, performed within a reasonable amount of time, and were of the type a reasonable attorney would engage. As such, the Plaintiffs are entitled to recover the full amount of requested attorney's fees, totaling $11,910.

### C. Costs

Plaintiffs also seek $640 in costs: $400 for filing fees; $159 for service of process; $11 for travel; and $70 for interpretation and translation services. <u>See</u> ECF No. 38 at ¶¶ 21–22. The Court finds that such fees are reasonable and in line with past awards. <u>See</u> <u>Romita v. Anchor Tank Lines Corp.</u>, 09-cv-09997 (DLC), 2011 WL 1641981, at *2 (S.D.N.Y. Apr. 29, 2011) (awarding $504 in court costs for filing and process server fees); <u>Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Loc. Union No. 12A v. Trade Winds Envtl.</u>, 09-cv-01771 (RJH) (JLC), 2010 WL 8020302, at *6 (S.D.N.Y. Dec. 23, 2010) (awarding $701.75 in court costs for filing and process server fees).

### CONCLUSION

Plaintiffs' motion is GRANTED. Plaintiffs are awarded $11,910 in attorney's fees, and $640 in costs. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 36.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 1, 2021
      New York, New York